IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

_Raleigh, NC DIVISION

| | |
|---|---|
| NANCY MASSENBURG ) | |
| PRO SE LITIGANT ) | |
| PLAINTIFF ) | |
| | |
| VS. | CASE NO._____ |
| | |
| ASHLEY HUNT (dba) ) | |
| INNOVATIVE TALENT SOLUTIONS, INC ) | |
| Kim Korando (ITS, Inc. legal representation) ) | |
| and ) | |
| Unnamed Client Discriminatory Hiring ) | |
| Policy enforced for, by Ashley Hunt ) | |

## COMPLAINT

1. **PLAINTIFF RESIDES AT:** 323 Whitehead Ct.

   Chatham, Va. 24531

2. **Defendant(s) name:** a) Ashley Hunt (DBA) INNOVATIVE TALENT SOLUTIONS, INC.

   b) Unnamed Client Discriminatory Hiring Policy enforced for,

   by Ashley Hunt

**LOCATION OF PRINCIPAL OFFICE (S) OF THE NAMED DEFENDANTS:**

1) Ms. Hunt is named as the Primary for 2 ITS, Inc. locations:

| | |
|---|---|
| 8362 SIX FORKS RD, SUITE 102 | 2840 PLAZA PLACE |
| RALEIGH, NC 27615 | RALEIGH, NC 27612 |

2) ITS's CLIENT NAME AND LOCATION UNKNOWN AT THIS TIME

**NATURE OF DEFENDANT'S BUSINESS:** a) EMPLOYMENT STAFFING AGENCY

b) Uncertain Of ITS's Clients business nature

**APPROXIMATE NUMBER OF INDIVIDUALS EMPLOYED BY THE DEFENDANT(s):**

a) 101+ RECENTLY LEARNED THE DEFENDANT IS THE PRIMARY AT 2 ITS, Inc. locations

b) ? Unsure how many individuals employed by un-named ITS, Inc. client

3. THIS ACTION IS BROUGHT PURSUANT TO Title VII of the Civil Rights Act of 1964, as amended. **42 U.S.C. 2000e-2(a)(1).** (*Title VII bars any employment practice which causes disparate impact based on* "race, color, religion, sex, or national origin") . **42 USC 2000e-2(k)(1)(A)(i)(ii);** .

   See **42 U.S.C. § 2000e-2(b); 42 U.S.C. § 2000e(c)(3)**, and Jurisdiction is specifically conferred on this court by **42 USC 2000e-5**.

   **Equitable and other relief** are also sought under 42 U.S.C. § 2000e-3-5(g)(1) (providing for reinstatement, back pay and "any other equitable relief as the court deems appropriate"), The 1991 amendments added the legal remedies of compensatory and punitive damages. 42 U.S.C. § 1981a(a), Title VII plaintiffs may now recover injunctive and other equitable relief, compensatory and punitive damages and attorneys' fees. 42 U.S.C. §§ 1981a(a)(1), 42 U.S.C. § 1981a(b)(2) *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001), 2000e-5(g)(1), (k), an award to offset the increased tax burden,(*EEOC v. RadioShack*, Civil Action #10-cv-02365)

a) (1) CIVIL RIGHTS- In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5) against **a respondent who engaged in unlawful intentional discrimination** prohibited under section 703, 704, or 717 of the Act (42 U.S.C. 2000e-2 or 2000e-3), and provided that the complaining party cannot recover under section 1977 of the Revised Statutes (42 U.S.C. 1981), the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

4. **The acts complained of in this suit concern:**

   Defendant (s) failure to employ me/further interview process because her client did not want candidates who had been formerly convicted of a crime. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 2032 (2015)*

   My issue is with the background check policy as it applied to me and as a whole. Although facially neutral does create disparate impact on the hiring of protected group in the Wake County, NC region.

   **42 USC 2000e-2(k)(1)(A)(i)(ii)**

5. **Plaintiff is:**

   Not presently employed by the defendant (s)

6. **Defendant (s) conduct is discriminatory with respect to the following:**

   A) My race

   B) Facially neutral hiring process but is discriminatory in operation against a protected class

   (EX-FELONS)

   2010 US Code Title 42 - THE PUBLIC HEALTH AND WELFARE
   CHAPTER 21 - CIVIL RIGHTS SUBCHAPTER VI - EQUAL EMPLOYMENT
   OPPORTUNITIES §2000e–2 (K)(1)(A)(i)(ii), 2(K)(B)(i), 2(K)(2)

   **(k) Burden of proof in disparate impact cases**

   (1)(A) An unlawful employment practice based on disparate impact is established under this subchapter only if—

(i) a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity; or

(ii) the complaining party makes the demonstration described in subparagraph (C) with respect to an alternative employment practice and the respondent refuses to adopt such alternative employment practice.

**"SUB PARAGRAPH (C)**- The demonstration referred to by subparagraph (A)(ii) shall be in accordance with the law as it existed on June 4, 1989, with respect to the concept of "alternative employment practice".

**(B)(i)** With respect to demonstrating that a particular employment practice causes a disparate impact as described in subparagraph (A)(i), the complaining party shall demonstrate that each particular challenged employment practice causes a disparate impact, except that if the complaining party can demonstrate to the court that the elements of a respondent's decision making process are not capable of separation for analysis, the decision making process may be analyzed as one employment practice.

**(2)** A demonstration that an employment practice is required by business necessity may not be used as a defense against a claim of intentional discrimination under this subchapter.

**7. The name, race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of discrimination by the defendant company are:**

Ashley Hunt, Caucasian female, owner of Innovative Talent Solutions, Inc. (listed as Primary for 2 Raleigh, NC ITS, Inc. locations)

**8. The alleged discrimination occurred on or about:** October 8, 2014

**9. The nature of my complaint, i.e., the manner in which the individual (s) named discriminated against me in terms of my denial of employment is as follows:**

KATHERINE WHITE (Katherine White at kwhite@onlineits.com), RECRUITER FOR ITS, INC., CONTACTED ME TO KNOW IF I WOULD BE INTERESTED IN A DISPATCHER POSITION THEY WERE ATTEMPTING TO FILL. THE POSITION WAS FOR A CLIENT IN DURHAM, NC. I ASKED HER TO CLARIFY WHO SHE WAS AND WHERE SHE GOT MY INFORMATION, AS I HAD NEVER HEARD OF "ITS" BEFORE THIS DAY. MS. WHITE EXPRESSED SOME DIFFICULTY IN FINDING CANDIDATES WITH AS MUCH DISPATCH EXPERIENCE AS I HAVE (4.5 YEARS POST-RELEASE) AND THAT SHE HAD GOTTEN MY RESUME FROM THE WORLDWIDE WEB. SHE STATED, I WOULD BE "'A PERFECT FIT" FOR THE POSITION.

*ONE COULD ASSUME MS. WHITE HAD EXHAUSTED THEIR OWN DATABASE OF POSSIBILITIES SINCE THEY ( ITS, INC.) ARE A STAFFING AGENCY AND HAD TO CONSULT THE WEB IN AN EFFORT TO FILL THIS POSITION. ).

*("PERFECT FIT") IS ALSO LANGUAGE USED BY ASHLEY HUNT AT OCTOBER 27, 2016 EEOC HEARING WHEN REFERRING TO THE CAUCASIAN CANDIDATE SHE DID SEND TO THE CLIENT from ITS's database).

MS. WHITE AND I EMBARKED ON WHAT SHE REFERRED TO AS A TELEPHONE INTERVIEW WHICH ENTAILED ANSWERING SPECIFIC QUESTIONS ABOUT A TYPICAL DAY WHEN I WORKED AS A DISPATCHER AND THE SCOPE OF DUTIES, SHE ALSO ASKED IF I WOULD BE COMFORTABLE WORKING ALONE A LARGE PORTION OF THE TIME. I ANSWERED YES, AS MY PREVIOUS DISPATCH JOB REQUIRED THE SAME MOST OF THE TIME.

MS. WHITE ALSO ASKED MY REASON FOR LEAVING THE JOB ; TO WHICH I RESPONDED " I HAD GOTTEN MARRIED AND MY HUSBAND DIDN'T LIKE THE WORK ENVIRONMENT AND I WANTED A JOB IN DURHAM,NC, CLOSER TO HOME", **SHE NEXT INFORMED ME THE CLIENT WOULD RUN A BACKGROUND CHECK (TO WHICH I RESPONDED, HOW FAR BACK DO THEY GO? SHE SAID SHE THOUGHT 7 YEARS-IS THAT A PROBLEM? I SAID NO).** AT THIS TIME, I WAS STILL A "PERFECT FIT" FOR THE POSITION. MS. WHITE WANTED TO SET AN APPOINTMENT FOR ME TO COME INTO THEIR OFFICE THE NEXT MORNING TO FINISH UP AND GET ME READY TO INTERVIEW WITH THE CLIENT THE FOLLOWING MONDAY (I RESIDED IN DURHAM, NC AND SHE WANTED ME TO BE ABLE TO GO STRAIGHT TO THE LOCATION). I INFORMED MS. WHITE I WORKED A JOB AND THE EARLIEST I COULD SIT DOWN WITH HER WOULD BE 3:00 PM THE NEXT DAY, A FRIDAY. SHE THEN INSTRUCTED ME TO GO ONTO THEIR SITE AND FILL OUT THE APPLICATION AND OTHER CRITERIA FOR THE JOB SO I WOULDN'T HAVE TO DO SO MUCH THE NEXT DAY IN OFFICE, AND TO BRING 2 FORMS OF ID. I DID AS INSTRUCTED **AND THE APPLICATION ASKED IF I HAD <u>EVER</u> BEEN CONVICTED OF A FELONY, I ANSWERED YES.** THE NEXT QUESTION ASKED ME TO ELABORATE, **I GAVE THE YEAR OF CONVICTION (1997) AND THE <u>FELONY</u> CHARGE AND NOTED THE LENGTH OF TIME THAT HAD GONE BY. I** ALSO COMPLETED THE TESTING AND SUBMITTED IT, PROBABLY AROUND 7 OR 8 PM.

**AROUND 8:15-8:30 THE NEXT MORNING (PRIOR TO THE START OF MY WORK DAY), I CALLED ITS TO MAKE SURE THEY HAD RECEIVED EVERYTHING THEY NEEDED FROM ME, THE RECEPTIONIST (MUCH OLDER SOUNDING WOMAN) ASKED ME TO HOLD, RETURNED AND INFORMED ME SHE HAD EVERYTHING THEY NEEDED AND REMINDED ME TO BRING THE 2 FORMS OF ID AND SHE WOULD SEE ME AT 3 PM.**

10. THE DISCRIMINATORY ACT OCCURRED OVER THE TELEPHONE WHEN:

I GOT A TELEPHONE CALL FROM ASHLEY HUNT AROUND 11:15-11:30 AM THE SAME MORNING (BREAK TIME AT MY JOB) INFORMING ME THAT <u>SHE WANTED **TO SAVE ME A TRIP, SHE WOULDN'T BE SENDING ME FOR THE JOB BECAUSE THEY (THE CLIENT) DIDN'T WANT PEOPLE WITH PRIOR CONVICTIONS.**</u> *Watson v. Fort Worth Bank & Trust,* <u>487 U.S. 977</u>, 987, 108 S.Ct. 2777, 2785, 101 L.Ed.2d 827 (1988)

HER TONE WAS VERY DISMISSIVE AND FINAL. I ASKED MS. HUNT IF SHE KNEW THIS WAS AN ILLEGAL ACT, COMMONLY REFERRED TO AS BLANKET DISCRIMINATION. IN AN EVEN MORE DISMISSIVE TONE, SHE SAID EXCUSE ME? I REPEATED THE QUESTION, SHE SAID WE'LL KEEP YOU IN MIND, BID ME A GOOD DAY AND HUNG UP IN MY FACE. THE FACT THAT I HAVE 4.5 YEARS **POST RELEASE, PRIOR DISPATCH EXPERIENCE** AND THEY CONTACTED ME SPECIFICALLY FOR THIS POSITION (I HAD NEVER HEARD OF THEM) PRESENTS A QUESTIONABLE ISSUE OF THE TRUE DETERMINING FACTORS USED TO DISQUALIFY ME FROM FURTHER CONSIDERATION. WE COULDN'T EVEN FINISH THE INTERVIEW PROCESS SIMPLY BECAUSE "THE CLIENT DOESN'T WANT ANYONE WITH PRIOR CONVICTIONS." *Griggs v. Duke Power Co.,* <u>401 U.S. 424</u>, 429, 431, 91 S.Ct. 849, 852, 853, 28 L.Ed.2d 158 (1971).

*MS. HUNT LATER BROUGHT IN HVAC EXPERIENCE WAS NEEDED, WHY WOULD MS. WHITE CONTACT ME USING "PERFECT FIT" LANGUAGE? I HAVE NO HVAC EXPERIENCE. . *Washington v. Garrett*, 10 F.3d 1421, 1433 n.15 (9th Cir.1993); *see also Costa v. Desert Palace, Inc.*, 299 F.3d 838, 853-59 (9th Cir.2002) (en banc), *aff'd*, 539 U.S. 90 (2003)

*MS. HUNT ALSO NOW SAYS, "THERE WAS A MISCOMMUNICATION BETWEEN HERSELF AND MS. WHITE AND THAT SHE <u>ALREADY</u> HAD A CANDIDATE (FROM THEIR DATABASE) WITH HVAC DISPATCH EXPERIENCE." I THINK "**WHAT THE CLIENT WANTED**" WOULD **NOT** HAVE BEEN MENTIONED WHEN SHE CALLED "**TO SAVE ME A TRIP**". *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2032 (2015)

**MS. HUNT CONTINUES TO SAY "I JUST DIDN'T SHOW UP FOR THE APPOINTMENT" AND OTHER TIMES SHE SAYS "SHE CALLED ME TO SAY SHE WOULDN'T BE SENDING ME BECAUSE OF THE CLIENT'S REQUIREMENTS AND I CHOSE NOT TO COMPLETE THE PROCESS", EITHER WAY (ALTHOUGH UNTRUE) THE CLIENT REQUIREMENT DOES NOT SUPERCEDE THE LAW. 42 USC 2000e-2(k)(1)(A)(i)(ii);**

*Ms. HUNT CONTINUES TO STAND ON THE PREMISE "THE CLIENT TELLS US WHAT THEY WANT AND DON'T WANT", SO MUCH SO THAT SHE WOULD NOT DIVULGE THE NAME OF THE CLIENT.* **Griggs v. Duke Power Co., <u>401 U.S. 424</u>, 429, 431, 91 S.Ct. 849, 852, 853, 28 L.Ed.2d 158 (1971).** *Griggs* held that a plaintiff need not prove intentional discrimination, for Title VII also proscribes "practices that are fair in form, but discriminatory in operation." 401 U.S. at 431, 91 S.Ct. at 853. "The necessary premise of the disparate impact approach is that some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination.

AT THIS TIME, I FIND THE DEFENDANT'S AND HER LEGAL REPRESENTATION TO BE WILLFUL AND MALICIOUS, CLEARLY DISHONEST IN THEIR HANDLING OF THIS MATTER. PREPARED TO USE ANY TACTIC NECESSARY "IN ORDER TO NOT BE HELD ACCOUNTABLE FOR THEIR ACTIONS", WHILE; WITH A BLATANT DISREGARD FOR THE LAWS THAT PERTAIN TO HER BUSINESS, SEEK TO
**CONTINUALLY JUSTIFY** THE ENFORCEMENT OF A DISCRIMINATORY HIRING PROCESS THAT CONTINUES TO VICTIMIZE FORMERLY INCARCERATED PEOPLE WHO HAVE STOOD ACCOUNTABLE FOR AND SERVED PRISON TIME FOR THE MISTAKES THEY'VE MADE.THE FACT THAT THE DEFENDANT AND ITS REPRESENTATION HAS STRETCHED THIS CASE OUT BEYOND 2 YEARS AND SAT AT THE FINAL EEOC HEARING (10/27/2016) AND STATED "I FIND IT UNFAIR THAT MS. HUNT SHOULD BE REQUIRED TO ANSWER THESE QUESTIONS AFTER SO MUCH TIME HAS GONE BY", ADDED INSULT TO INJURY.

How has it been so easy to disqualify me from a job which I have over 4 years of post-release experience for something I did and stood accountable for 15 years ago? In addition; FOR DEFENDANT AND COUNCIL TO ignore the FACT that I had 3 prior opportunities to abort the hiring process and pursue this line of untruth, ( i.e.- "she just didn't show up") is an egregious and desperate attempt at further evading accountability for the Systemically Discriminatory Hiring Process it enforces for its many clients, to say the least. I have already survived my past and I have been "free" since October 2002. Why would I reject moving forward in your hiring process? I am fairly familiar with laws that govern <u>my</u> situation and now, thanks to Ashley Hunt and Kim Korando, I've learned even more.

**42U.S. Code § 1985 - Conspiracy to interfere with civil rights (2) Obstructing justice; intimidating party, witness, or** juror...or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or

defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

> I HUMBLY ASK THE COURT TO FIND THAT THE DEFENDANT DID AND CONTINUES TO "INTENTIONALLY ENGAGE" IN AN UNLAWFUL HIRING PROCESS WHICH DOES CAUSE **Disparate Treatment and Impact** of formerly incarcerated individuals (**primarily AFRICAN-AMERICANS AND OTHER MINORITIES because of the highly disproportionate incarceration rate among races**) in the Durham and Raleigh, NC regions and takes **no regard to the fact that the Federal Ban is 10 years for individuals who are convicted of any criminal offense involving dishonesty, breach of trust, etc. and has no business necessity.**

AS A RESULT, THIS WHOLE SITUATION HAS MONOPOLIZED MY TIME, ADDED UNDUE STRESS ON MY SELF AND MY MARRIAGE. IT IS CHRISTMAS EVE AND I AM SUBJECTED TO RESEARCH THE LAW AS IT PERTAINS TO MS. HUNT'S BUSINESS SO AS NOT TO REMAIN A VICTIM OF SUCH SYSTEMICALLY DISCRIMINATORY HIRING PROCESSES WHICH HAVE NO BUSINESS NECESSITY FOR THE JOB POSITION IN QUESTION.

This is clearly a Discriminatory Hiring PROCESS, IN ACCORDANCE WITH: **2010 US Code Title 42 - THE PUBLIC HEALTH AND WELFARE CHAPTER 21 - CIVIL RIGHTS SUBCHAPTER VI - EQUAL EMPLOYMENT OPPORTUNITIES §2000e–2 (K)(1)(A)(i)(ii), 2(K)(B)(i), 2(K)(2) and ESTABLISHES THE "FELONY" ALONE, AS THE MOTIVATING DECISION MAKING FACTOR.** *E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 2032 (2015), EEOC v. PEPSI BOTTLING COMPANY 2012*

**11. I FILED CHARGES WITH THE EEOC REGARDING DEFENDANT'S DISCRIMINATORY CONDUCT ON JANUARY 2, 2015.** MR. MORALES SUGGESTED **I CALL AND ASK THEM THE NAME OF THE CLIENT (AFTER I ASKED HIM IF HE WOULD ASK WHO THE CLIENT WAS**), I DID AND WAS NOT GIVEN THE INFORMATION. I HAVE ATTACHED A COPY OF THE NOTICE OF RIGHT TO SUE LETTER ISSUED BY EEOC AND RECEIVED BY ME ON SATURDAY NOVEMBER 19, 2016.

**12. I SEEK THE FOLLOWING RELIEF: $400,000 FROM INNOVATIVE TALENT SOLUTIONS, INC. and THIS UNNAMED CLIENT WHO MADE THE INITIAL REQUEST**

A) RECOVERY OF BACK PAY; FRONT PAY, ALL APPLICABL INTEREST, BENEFITS LOST AND RELIEF FROM INCREASED TAX BURDEN TO BE PAID BY DEFENDANT, *EEOC v. RadioShack,* Civil Action #10-cv-02365

B) TRIAL BY JURY ON ALL ISSUES SO TRIABLE; AND ANY OTHER RELIEF AS MAY BE APPROPRIATE, INCLUDING; BUT NOT LIMITED TO, DAMAGES, COSTS AND FEES.

C) **INJUNCTIVE ORDERS TO CEASE AND DESIST FROM ENFORCING THIS SYSTEMICALLY DISCRIMINATORY HIRING PRACTICE** BY ENGAGING IN INDIVIDUALIZED ASSESSMENTS OF FORMERLY INCARCERATED PEOPLE. **BY CONSIDERING:**

1) THE FACTS OR CIRCUMSTANCES SURROUNDING THE OFFENSE OR CONDUCT

2) THE NUMBER OF OFFENSES FOR WHICH THE INDIVIDUAL WAS CONVICTED

3) OLDER AGE AT THE TIME OF CONVICTION, OR RELEASE FROM PRISON

4) EVIDENCE THAT THE INDIVIDUAL PERFORMED THE SAME TYPE OF WORK, POST CONVICTION, WITH THE SAME OR DIFFERENT EMPLOYEE, WITH NO KNOWN INCIDENTS OF CRIMINAL CONDUCT

5) THE LENGTH AND CONSISTENCY OF EMPLOYMENT HISTORY BEFORE AND AFTER THE OFFENSE OR CONDUCT

6) REHABILITATION EFFORTS i.e., EDUCATION/TRAINING

7) EMPLOYMENT OR CHARACTER REFERENCES AND ANY OTHER INFORMATION REGARDING FITNESS FOR THE PARTICULAR POSITION AND

8) WHETHER THE INDIVIDUAL IS BONDED UNDER A FEDERAL, STATE. OF LOCAL BONDING PROGRAM

**DATE:** December 24, 2016

Nancy D. Massenso
323 Whitehead Ct
Chatham, Va. 24531
919-400-2033

# RELIEF REQUESTED

In the interest of closure under the "make whole" remedies provided by law and in accordance with Section 706(g) of the Civil Rights Act of 1964, as amended and <u>not included in the caps</u>:$50,000

1) **Injunctive relief**: cease and desist from the Systemically Discriminatory Hiring Practice which offers no measurability standard to determine Business Necessity.

2) **Back Pay** recoverable under Section 706(g) of the Civil Rights Act of 1964, as amended:

   I am **seeking Back Pay** in the amount of **$17,728.00** (as of JAN 6, 2017) until judgment

   **The Dispatch Job was a set 40 hour week (Mon-Fri) @ $13.00/hour with benefits**

   ***I currently make (capped) $12/hr and full time is @ 30 hours/week**

   **(Post election hours are less-3-4 scheduled days per week)**

   **Back pay calculated from 10/10/2014-1/6/2017 (to accrue to judgment)**

   **@ 10 hours/week @ $13/hour for 2years and 13weeks as of Jan. 6, 2017 ($14170.00)**

   **@ 30 hours/week @ $ 1/hour for 2years and 13weeks as of Jan. 6, 2017 ($ 3270.00)**

   * Post Judgment **INTEREST ON BACK PAY** 28 USC 1961 (a)(b)

   *ANY AND ALL BENEFITS LOST

   ***Lost wages for each Hearing scheduled, the Respondent cancelled numerous times**:

   I work as a call center trainer (<u>class cancelled</u> for with each scheduled hearing)

   **4 days @ $72 per day=$288 ($12/hour for 6 hrs=$72 per day)**

3) **Front Pay in the amount of the Back Pay requested ($17,728.00)**

   (I knew hours would drastically change after elections and was trying to get ahead of it, now this. As the court now knows, even the gas to travel past Durham, NC to Raleigh, NC and back to VA will take some finagling on my part).

   Employers have no idea of people's circumstances when they enforce these discriminatory policies. I have been on my own since my father's death when I was 17 yo.

   My sisters and I were all left to fend for ourselves. So, when we fall short, it typically has a very drastic result.

   I seek no pity, if employers would just follow the laws that govern them, we would see a drastic change for the better in our communities regarding the recidivism rates back into the prisons and other social programs.

# RELIEF REQUESTED

*$72/day for each court date scheduled

*Gas for each Court Day ($25/day) to come regarding this continuation of this matter (from Chatham,Va. to Raleigh, NC and back to Chatham, Va.)

4) Past Pecuniary damages $10,900 for actual out-of-pocket losses (also not included in the caps)

*(Ratych v Bloomer,[1990] 1 S.C.R.940 at 962-963)*

Due to the high level of insult and injury of this incident, my marriage slowly began to dissolve. I couldn't shake off the feeling of "being discarded yet again for a mistake I had made so long ago", a deep rooted depression set in and I couldn't get past it, self confidence plummeted, didn't want to file the charge and endure what I knew would be a ridiculously long and painstaking process, my marriage and my husband suffered greatly and my stress levels got higher and higher, exhausted all the time, rashes appeared on my body, slow healing process of a wound (I didn't even know these physical traits of stress existed). The holiday season that year (2014) was spent with me in bed and my husband with his family, by New Year's Day (2015) we had split as a result and I had nowhere to go but to Chatham, Va., the commute to hold on to my job has been something to endure, even dangerous at times. What used to be a

4 mile/day commute@ 20 min./day became a 80 mile/day commute @ 4 hours/day. This ALL greatly impaired my lifestyle and created a tremendous strain on my budget as well and still continues today, I don't even have the monetary means to find a place closer to work or endure the loss of income to find a job closer to home.

**Past Pecuniary damages (continued)**

I seek damages for Gas Consumption incurred as *a direct result of the emotional injury caused*

*by* the "throw away effect" of this type of hiring practice which led to marital separation and

no other recourse for me but to move into this physically and financially burdensome

commute amounting to:

**$10,900 over the 2 year period and should accrue until judgment**

$10 each way=$ 20/day x 5 days/week= $100/week x 4= $400/month x 24 months= **$9,600**

**+13 weeks (Oct. 8,2014-Jan. 6, 2017)  100/week x 13 weeks=$1300.00**


*THE TREMENDOUS WEAR AND TEAR ON MY VEHICLES SHOULD ALSO BE NOTED, ACCELERATED MAINTENANCE, ETC. TIRES, OIL CHANGES, ETC. (not sure how to calculate) but I am down to one safe vehicle for the commute and no money to have the Lincoln repaired for the winter (the weight is great for in-climate weather situations, anyone could tell you I have always kept my cars purring like babies, post commute). **$5000**

# RELIEF REQUESTED

5) **Future Pecuniary Damages pursuant to 1981A(b)(1,2,3d) in the amount of $5450.00**

   My commute will continue, the damage to my marriage is done, I pray the one "long distance, road worthy car I am now left with" doesn't fail, the **scarring** from the stress rash that appeared on my right thigh is still there, fading but still present none the less.

6) **Non-Pecuniary Losses-1981A (b)(3)in the amount of $50,000**

   For the sheer loss of enjoyment of life incurred as a result of the discriminatory act but more so the blatant disregard for the gravity of the situation, the authority of the EEOC, injury to my self esteem and confidence "that time and living right would eventually outweigh the mistakes of more than 15 years ago", the sheer inconvenience of and lack of sleep associated with researching and preparing after a very lengthy, costly and tiring daily commute, stress levels not common to me. **Most especially** the <u>fact</u> that the defendant and its representation are more than willing to continue to evade accountability "at my expense" for violating the laws that govern hiring processes <u>while at the same time</u> attempting to justify their participation in the Wake County, NC employment discrimination problem against formerly incarcerated people which was recently acknowledged by State Legislators in April 2016 regarding its Disparate Impact on African-Americans and other Minorities because of the highly disproportionate arrests and conviction rate of these groups, **in Wake County, NC**. This is a Hiring Process proven to contribute to a 40% recidivism rate back into the NC prison population. Egregious!

7) **Punitive/Exemplary Damages pursuant to 42 U.S.C.§1983** *in the full amount allowed by law for the maximum # of employees $300,000: Smith v. Wade 461 U.S. 30 (1983)*

   The respondent engaged in a discriminatory practice or discriminatory practices with malice AND reckless indifference to the federally protected rights of an aggrieved individual and protected class of people. I am asking the court to **exercise the full cap amount of $300,000, for the maximum # of employees because** the defendant **has refused to divulge the name of the client** she so willingly enforced this discriminatory hiring requirement for **and** *we don't know who they are or how many employees they have.* The fact that <u>they have chosen to protect the client who put this requirement in the job order</u> and <u>employ deception, i.e., "she just didn't show up" knowing that Hunt's exact words were "I wanted to save you a trip...."</u> **brings the malice** to this <u>willfully discriminatory act</u>, by her admission, several times. The **reckless indifference to my federally protected rights** has been proven repeatedly from the time I asked Ms. Hunt if she knew disqualifying me from consideration for THIS job because the client didn't want anyone with a criminal background was illegal and she proceeded to hang up in my face up to this deliberate attempt to leave me damaged (stringing this out in the hopes I would just fade away, now knowing I commute from Virginia, I am taking off work for each scheduled hearing, etc). Please consider such factors as my age, the nature of the injury, the severity and duration of the

# RELIEF REQUESTED

emotional stress and suffering, the level of the inconvenience and the loss of lifestyle. This type of **reckless indifference to the federally protected rights of formerly incarcerated people continues** whereas neither she nor her representation has acknowledged or "looked up?" the relevant laws concerning this matter. It should not be further tolerated by this court. Even if it were true (believe me, it is not) that I " just did not to show up for the interview", it is irrelevant, my felony charge from 19 years ago was the <u>disqualifier stopping me from continuing the hiring/referral process for **THIS** job.</u> Ms. Hunt has admitted this and that she will <u>enforce any disqualifiers</u> her clients request, seemingly whether legal or illegal. In my case, just the one disqualifier negated all my efforts to rehabilitate while incarcerated and since my release in October 2002, no questions asked, no background report run, little more than a "yes" in the Felon box. I am rehabilitated in spite of these types of employers and other people who need to oppress others simply because they feel they can.

> **Most especially** the <u>fact</u> that the defendant and its representation are more than willing to continue to evade accountability "at my expense" for violating the laws that govern hiring processes <u>while **simultaneously**</u> attempting to justify their participation in the Wake County, NC employment discrimination problem against formerly incarcerated people which was recently acknowledged by State Legislators in April 2016 and on an ongoing basis by EEOC regarding its Disparate Impact on African-Americans and other Minorities because of the highly disproportionate arrests and conviction rate of these groups, **in Wake County, NC and the Nation**. This is a Hiring Process proven to contribute to a 40% recidivism rate back into the NC prison population. Egregious!

8) *I also asked to be relieved of any and all increased tax burden brought on me by this settlement, to be* paid by the defendant(s). *EEOC v. RadioShack,* Civil Action #10-cv-02365

9) Trial by jury on all issues so triable; and any other relief as may be appropriate, including injunctive orders, damages, costs and inconvenience.

Dec. 24, 2016

Nancy D. Massenburg
323 Whitehead Ct
Chatham, Va. 24531
919.400.2033