IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-957-D

| | | |
|---|---|---|
| NANCY MASSENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ASHLEY HUNT, | ) | |
| INNOVATIVE TALENT SOLUTIONS, INC., | ) | |
| KIM KORANDO, ESQ., | ) | |
| UNNAMED CLIENT DISCRIMINATORY | ) | |
| HIRING POLICY, | ) | |
| | ) | |
| Defendants. | ) | |

On April 17, 2017, defendants Ashley Hunt and Kimberly Korando (collectively "defendants") moved to dismiss Nancy Massenburg's ("Massenburg" or "plaintiff") pro se complaint [D.E. 27]. See Fed. R. Civ. P. 12(b)(1)–(2), (4)–(6). On May 3, 2017, Massenburg filed an amended complaint [D.E. 33].

On May 4, 2017, defendants withdrew their motion to dismiss Massenburg's complaint [D.E. 39], moved to dismiss Massenburg's amended complaint [D.E. 40], and filed a memorandum in support of the motion to dismiss [D.E. 41]. On May 30, 2017, Massenburg responded in opposition [D.E. 47, 48]. On June 12, 2017, defendants replied [D.E. 50].

The court grants defendants' motion to dismiss. See Fed. R. Civ. P. 12(b)(6). Massenburg has failed to state a Title VII claim against Hunt or Korando. See, e.g., Lissau v. S. Food Serv., 159 F.3d 177, 180–81 (4th Cir. 1998). Massenburg can only pursue a Title VII claim against defendant Innovative Talent Solutions, Inc. See id. Massenburg also has failed to state a due process claim

against Korando or Hunt under 18 U.S.C. § 241. See, e.g., Tribble v. Reedy, No. 89-6781, 1989 WL 126783, at *1 (4th Cir. Oct. 20, 1989) (per curiam) (unpublished table decision); Farrow v. North Carolina, No. 5:13-CT-3100-D, 2014 WL 12495278, at *2 (E.D.N.C. Feb. 17, 2014) (unpublished); Anderson-El v. Chief of Aux. Servs., No. 5:11-CT-3170-D, 2012 WL 5305747, at *2 (E.D.N.C. Mar. 12, 2012) (unpublished). Finally, Massenburg has failed to state a claim against Korando or Hunt under 42 U.S.C. § 1985. See, e.g., Kush v. Rutledge, 460 U.S. 719, 724–25 (1983); A Society Without A Name v. Virginia, 655 F.3d 342, 346–47 (4th Cir. 2011); Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir. 1995); Buschi v. Kirven, 775 F.2d 1240, 1251–52 (4th Cir. 1985); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 572–73 (E.D.N.C. 2009); Shu v. Core Indus., Inc., No. 7:989-CV-130-BR2, 1999 WL 33589276, at *4 (E.D.N.C. Feb. 10, 1999) (unpublished).

In sum, the court GRANTS defendants Hunt and Korando's motion to dismiss Massenburg's amended complaint [D.E. 40] and DISMISSES Massenburg's claims against Hunt and Korando with prejudice. Hunt and Korando are no longer defendants in this action. Hunt and Korando's original motion to dismiss [D.E. 27] has been WITHDRAWN. See [D.E. 39].

SO ORDERED. This _2_ day of August 2017.

JAMES C. DEVER III
Chief United States District Judge

2