IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00957-D

| | |
|---|---|
| **Nancy Massenburg**, | |
| Plaintiff, | |
| v. | **Order** |
| **Innovative Talent Solutions**, | |
| Defendant. | |

Before the court are a series of motions connected to a Title VII race discrimination case. Defendant Innovative Talent Solutions ("ITS"), an employment staffing agency, first asked the court to strike Plaintiff Nancy Massenburg's "Proposed Supplemental Pleadings" because she did not seek leave to amend her complaint or attach a proposed amended complaint. D.E. 84. Massenburg then moved for permissive joinder a few days later, seeking to add ITS's previously unnamed client, Lee Air Conditioners, Inc., as a defendant. D.E. 86. At the end of the month, Massenburg asked the court to compel ITS to produce the date that ITS filled the employment position Massenburg sought. D.E. 90.

The court will deny Massenburg's motion to compel, since the information she seeks is outside the scope of initial disclosures. The court will construe Massenburg's motion for joinder as a motion to amend and grant it, since Massenburg did not know the identity of Lee Air Conditioners until recently and since her claims against ITS and Lee Air Conditioners arise from the same occurrence and have common questions of law and fact. Lastly, because Massenburg's "Proposed Supplemental Pleadings" do not comply with the Federal Rules of Civil Procedure or the court's Local Rules, the undersigned grants ITS's motion to strike.

## I. Factual Background

In October 2014, a recruiter for ITS contacted Massenburg, an African American female, to ask her if she would be interested in a dispatcher position with an unnamed client. Compl., D.E. 1–1. The recruiter noted Massenburg's four and a half years of dispatch experience and said that Massenburg would be a "a perfect fit" for the job. *Id.* The recruiter interviewed Massenburg on the phone, asked her to fill out an application online, and requested that she come to the office the next morning to finish the process. *Id.* Massenburg agreed. *See id.*

The online application required Massenburg to disclose that she had been convicted of a felony. *Id.* The next morning, ITS's recruiter Ashley Hunt called Massenburg to tell her not to come into the office because ITS's client would not hire anyone with a prior conviction. *Id.* ITS later hired a white woman to fill the dispatcher position. *Id.*

In early January 2015, Massenburg filed charges with the EEOC. D.E. 1–2. The EEOC issued a Right to Sue Letter in November 2016. D.E.1–3.

In late December 2016, Massenburg, proceeding *pro se*, sued ITS, alleging race discrimination in violation of Title VII. D.E. 1–1. She also listed ITS's "unnamed client" as a defendant. *Id.* Massenburg claims that ITS's background check policy had a disparate impact on her as an African American candidate. D.E. 1–1 at 2–3.

In early November, Massenburg moved for leave to file a second amended complaint. D.E. 76. The court denied Massenburg's motion without prejudice, explaining that she needed to file "a coherent motion to amend" that complied with the Local Rules. Nov. 19, 2017, Order, D.E. 81.

Then, in mid-December 2017, Massenburg filed Proposed Supplemental Pleadings, seeking to modify her damage amounts. D.E. 83. In early January 2018, ITS moved to strike Massenburg's Proposed Supplemental Pleadings, arguing that Massenburg failed to follow the

Federal Rules' and Local Rules' mandates about amended complaints. D.E. 84. Within days, Massenburg moved for joinder, requesting to add ITS's originally unnamed client, now identified as Lee Air Conditioners, as a defendant. D.E. 86.

A few days later, ITS moved for an extension of time to respond to Massenburg's discovery requests. D.E. 88. The court granted the motion. Jan. 9, 2018, Order, D.E. 89.

In late January 2018, Massenburg moved to compel ITS to provide the date that it filled the dispatcher position she sought. D.E. 90. She also objected to ITS's Motion for an Extension of Time which the court had granted. *Id.*

In February 2018, Chief United States District Judge James C. Dever referred three motions to the undersigned magistrate judge: Massenburg's motion to compel, Massenburg's motion for joinder, and ITS's motion to strike. D.E. 96. They are ripe for the court's review.

II.  Analysis

   A. Motion to Compel

In her motion, Massenburg first asks the court to compel ITS to produce the date that it filled the dispatcher position because this information "was specified in [her] 26(f) Planning Report as 'Initial Disclosures'[,]" D.E. 90, and "was not excluded as Initial Disclosure in the court's Scheduling Order[,]" D.E. 91. Massenburg asserts that this information is necessary for her to sustain her claims since it is "the fourth … requirement in the prima facie proof scheme[.]" *Id.* at 4. She also contends that the information is relevant to ITS's affirmative defense. Pl.'s Mot. to Compel. at 1–2.

Federal Rule of Civil Procedure 26 governs initial disclosures and requires that a party "must, without awaiting a discovery request" provide the names and contact information of individuals who may have information supporting a claim or defense; a copy or description of

documents, electronically stored information, and tangible items in a party's possession, custody, or control related to a claim or defense; a computation of the damages a party seeks; and any insurance agreements that may be liable to satisfy a judgment issued in the case. Fed. R. Civ. P. 26(a)(1)(A). Under Federal Rule of Civil Procedure 37, "[i]f a party fails to make a[n] [initial] disclosure . . . any other party may move to compel disclosure[.]"

The problem with Massenberg's request is that ITS need not provide the information she seeks as part of its initial disclosures. As noted above, Rule 26 requires the disclosure of a limited set of documents and information, and the information she seeks in the motion to compel is not among the categories that ITS had to disclose in its initial disclosures. If Massenburg wants to obtain documents or information beyond what ITS included in its initial disclosures, she must use other discovery tools such as interrogatories, document requests, requests for admission, or depositions to do so. Fed. R. Civ. P. 30, 33, & 34. Thus, the motion to compel is denied.

In Massenburg's motion to compel, she also opposed portions of Defendant's Motion for Extension of Time, *see* D.E. 99, "in an effort to obtain the Date the position was filled." Pl.'s Mot. to Compel at 2. But the court already granted ITS's motion. Jan. 9, 2018, Order, D.E. 89. The court thus denies the remaining part of Massenburg's motion as moot.

### B. Motion for Joinder

Massenburg asks the court to join "the unnamed Client of Innovative Talent Solutions, Inc."—which she has now identified as Lee Air Conditioners—as a defendant. Pl.'s Mot. for Permissive Joinder, D.E. 86. The proper mechanism for adding Lee Air Conditioners as a defendant is a motion for leave to amend. The court thus construes Massenburg's motion for joinder as a motion for leave to amend.

4

Under the Federal Rules, if a party misses the 21-day window in which it may amend its pleading as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(A), it may do so with the opposing party's written consent or with the court's permission, Fed. R. Civ. P. 15(a)(2). Courts should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court's discretion is limited by the Federal Rules' emphasis on resolving cases on their merits. *Island Creek Coal Co.* v. *Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987). The Supreme Court has thus instructed that leave to amend should be granted liberally, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman* v. *Davis*, 371 U.S. 178, 230 (1962).

The Fourth Circuit has explained that a district court should grant leave to amend unless it finds that the moving party acted in bad faith, the amendment will prejudice the opposing party, or the amendment will be futile. *Johnson* v. *Oroweat Foods, Co.*, 785 F.2d 503, 509 (1986). Delay alone is an insufficient reason for the court to deny the motion; it must be coupled with bad faith, prejudice, or futility. *Id.* at 509–10.

The Local Rules also require that a party who moves to amend a pleading must attach "the proposed amended pleading, duly signed, and any exhibits thereto" as well as "[a] form of the amended pleading indicating in what respect it differs from the pleading that it amends, by bracketing or striking through . . . ." Local Rule 15.1(a).

Here, the court grants Massenburg permission to amend her complaint. Massenburg did not act in bad faith, as the identity of the party she seeks to add as a defendant was unknown to her until recently. The amendment will not prejudice ITS, since ITS knew the identity of the added defendant from the inception of the lawsuit, and the claims against it are similar. And, the

5

amendment is not futile, since Massenburg has pleaded sufficient facts to show that Lee Air Conditioners may have violated her rights under Title VII. Lastly, the court will waive the Local Rules' requirement that Massenburg attach a proposed amended pleading, since Massenburg originally sought to add a defendant through a motion for joinder, which has no such requirement.

But the inquiry does not stop there, because "a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson* v. *Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001).

Under Rule 20, a party may name multiple defendants in the same case if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B).

In her original complaint, Massenburg claimed that ITS violated Title VII by carrying out the allegedly discriminatory hiring practice of its "unnamed [c]lient." Compl., D.E. 1–1. Now that Massenburg knows that the unnamed client is Lee Air Conditioners, she seeks to bring a claim against it under the same theory. *See id.* Since the effect of this hiring practice on Massenburg forms the crux of her complaint, her claims against both defendants arise out of the same occurrence.

Thus, many questions of law and fact common to both defendants will arise in this action including what exactly the background check entails and whether it is permissible under Title VII. Since Massenburg has met both requirements under Rule 20 and the requirements under Rule 15, the court will permit Massenburg to amend her complaint to add Lee Air Conditioners as a defendant. Massenburg shall file an amended complaint within 15 days from the date of entry of

this order naming both ITS and Lee Air Conditioners as defendants and outlining her claims against them, the supporting factual allegations, and the damages she seeks. This order does not authorize Massenburg to add any additional claims against ITS.

### C. Motion to Strike

ITS asks the court to strike Massenburg's "Proposed Supplemental Pleadings[,]" in which she modifies her damage calculations, *see* D.E. 83, because they contravene both the Federal Rules and the Local Rules. Mem. in Support of Mot. to Strike at 1–2, D.E. 85. This is because Massenburg did not seek leave to amend her complaint, nor did she supply a proposed amended complaint. *Id.* at 2.

If a party fails to follow the Federal and Local Rules when moving for leave to amend, which the court outlined in the previous section, she risks delaying the amendment process or losing the opportunity to amend altogether. That is because the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f); *see Laschkewitsch* v. *Lincoln Life & Annuity Distribs., Inc.*, No. 5-13-CV-315-BO, 2014 WL 715420 at *1 (E.D.N.C. Feb. 24, 2014) (granting defendant's motion to strike when plaintiff did not secure leave to amend before filing the amendment).

Massenburg filed her "Proposed Supplemental Pleadings" about one year after she filed her original complaint, and she did not seek consent from ITS or permission from the court—both in violation of Rule 12. She also failed to attach a proposed amended complaint, in violation of Local Rule 15.1(a).

Massenburg had sought the court's consent to file an amended pleading, *see* D.E. 75, but the court denied her motion without prejudice since she did not comply with Local Rule 15.1(a) then either, Nov. 19, 2017, Order, D.E. 81. The court explained that "[i]f plaintiff wishes to file an

7

amended complaint, she must file a coherent motion to amend and attach a proposed amended complaint that complies with Local Civil Rule 15.1(a) and Federal Rule of Civil Procedure 8(a) and 10(b)." *Id.* The same conclusion applies here. The court thus grants ITS's motion to strike.

### III. Conclusion

The undersigned thus denies Massenburg's motion to compel, since the date ITS filled the dispatcher position is outside the scope of initial disclosures under the Federal Rules. It also denies the part of that motion in which Massenburg objected to ITS's request for extension of time as moot, since the court already granted ITS's motion.

Massenburg's motion for joinder is construed as a motion for leave to amend and is granted since she only recently found out the identity of Lee Air Conditioners, her claim against it arises from the same occurrence as her claims against ITS, and the claims involve common questions of law and fact.

Lastly, the court will grant ITS's motion to strike.

The court orders Massenburg to file an amended complaint within 15 days from the date of entry of this order naming both ITS and Lee Air Conditioners as defendants and outlining her claims against them, the supporting factual allegations, and the damages she seeks. This order does not authorize Massenburg to add any additional claims against ITS. Massenburg shall also submit a summons for Lee Air Conditioners with her amended complaint.

Dated: May 15, 2018

*Robert T Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE